# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:07-cr-28-CDL-MSH |
| LARRY BELCHER, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

On October 20, 2010, Defendant moved to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 74.) Specifically, Defendant contends that the Fair Sentencing Act of 2010 retroactively applies to him such that his sentence should be reduced by six months. For the reasons described below, Defendant's motion to reduce sentence should be denied.

## BACKGROUND

Defendant plead guilty to possession with intent to distribute cocain base on July 28, 2008. On November 19, 2008, a judgment and sentence were entered in which Defendant was sentenced to 66 months imprisonment and four years supervised release. Defendant did not appeal his sentence.

On June 11, 2009, Defendant petitioned the Court to modify his sentence pursuant to 18 U.S.C. § 3582. (Doc. 67.) At that time, Defendant sought retroactive application of the 2008 changes in the sentencing guidelines regarding crack cocaine offenses. That request

to modify was denied by the Court on June 29, 2010, because the Defendant was sentenced under the March 3, 2008, guidelines manual which already incorporated the amendments reducing the ratio between cocaine and cocaine base. (Doc. 72.) Defendant again moves to have his sentence modified pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 74.)

## DISCUSSION

Defendant's only argument in his motion to reduce pursuant to 18 U.S.C. § 3582(c)(2) is that the Fair Sentencing Act of 2010, which changed the crack to powder cocaine ratio from 100:1 to 18:1, should be applied retroactively to his sentence such that his sentence is reduced from 66 months to 60 months.[1] *See* Fair Sentencing Act of 2010, Publ. L. No. 111-220, § 2, 124 Stat. 2372. However, "because the [Fair Sentencing Act] took effect in August 2010, after [Defendant] committed his crimes, 1 U.S.C. § 109[2] bars the Act from affecting his punishment." *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010). In other words, the Fair Sentencing Act of 2010 does not apply retroactively. *Id.*; *see also, United States v. Taylor*, -- F.3d -- , 2010 WL 5019904, at *3(7th Cir. Dec. 10, 2010); *United States v. Patillo*, No. 08-3473, 2010 WL 5018228, at *5 (3d Cir. Dec. 9, 2010); *United States v.*

---

[1] It appears from his motion that Defendant is also arguing that the 2008 amendments should again be applied retroactively to him. (*See* Doc. 74 at 1.) As was previously explained to Defendant, he was sentenced under the March 3, 2008, sentencing guideline which incorporated the 2008 amendments. (*See* Order, June 30, 2010.)

[2] 1 U.S.C. § 109 states in relevant part:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

*Nelson*, No. 09-4297, 2010 WL 4676614, at *1 (4th Cir. Nov. 18, 2010); *United States v. Brown*, No. 10-1791, 2010 WL 3958760, at *1 (8th Cir. Oct. 12, 2010); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010) ("[T]he Fair Sentencing Act of 2010[] contains no express statement that it is retroactive[,] nor can we infer any such express intent from its plain language."). Thus, Defendant is not entitled to a modification of his sentence under 18 U.S.C. § 3582(c)(2) based on the Fair Sentencing Act.

## CONCLUSION

WHEREFORE, it is RECOMMENDED that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) be DENIED. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED,** this 16th day of December, 2010.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE